(C. D. 207)

VINELAND POULTRY LABORATORIES v. UNITED STATES

United States Customs Court, First Division

(Decided August 29, 1939)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Marcus Higginbotham, Jr.*, and *John J. McDermott*, special attorneys), for the defendant.

Before McCLELLAND, SULLIVAN, and BROWN, Judges: BROWN, J., concurring

McCLELLAND, Presiding Judge: The merchandise the classification of which is here in issue is described on the invoice as "chicken brushes." Duty was assessed thereon at the rate of 50 per centum ad valorem under the provision in paragraph 1506 of the Tariff Act of 1930 for "all other brushes, not specially provided for", and it is claimed that these brushes should have been passed free of entry under the provision in paragraph 1604 for "all other agricultural implements of any kind or description, not specially provided for."

When the protest was called for trial, two witnesses were called to testify by the plaintiff. One, Dr. Arthur D. Goldhaft, testified that he was a veterinary surgeon by profession, specializing in poultry diseases, and that he had been connected with the plaintiff company since 1914 as laboratory director. Shown a sample brush claimed to

be representative of the brushes in issue, he identified it as from the importation in question and it was received and marked Exhibit 1. Dr. Goldhaft further testified that after experimenting with various implements for use in connection with the immunization of chickens from smallpox and infectus laryngo tracheitus he personally designed the brush such as is involved in the importation as represented by Exhibit 1 for such use. He added that such brushes are not sold separately but have been sold with vaccine for immunization to farmers all over the United States since 1931 and that in his experience he knew of no other use to which such brushes had been put.

The other witness, Walter J. Grumbacher, testified that he had been connected with the firm of M. Grumbacher, manufacturers and importers of brushes and colors and artists' materials, for 22 years in the capacity of salesman, and had been a member of the same firm for $3\frac{1}{2}$ years. His firm, he said, had imported brushes like Exhibit 1 and that the plaintiff company had been the only purchaser thereof during the 2 years such brushes had been on the market in the United States.

Counsel for the Government offered in evidence a sample of the brushes involved which he identified as having come from the importation involved and, there being no objection, the same was received and marked Illustrative Exhibit 2.

Two witnesses were called by the Government in support of the collector's classification. One, David Shulman, testified that he had been connected with the Baker Brush Co., manufacturers of artists' brushes and paint brushes, for 25 years, and that his firm had manufactured a brush similar to Illustrative Exhibit 2. He further testified that brushes of which Illustrative Exhibit 2 was representative had been used, to his knowledge, by artists for stencilling and by handkerchief manufacturers for a like purpose for longer than he could remember, and that the chief use for which he had seen them used had been stencilling. He had never, he said, seen them used for inoculating chickens.

The other Government witness was T. V. Schiavoni, who stated that he had been in the employ of the United Brush Manufactories for 25 years; that his company had manufactured and imported brushes like Exhibit 1 and Illustrative Exhibit 2; that during the term of his employment with the said company brushes represented by Exhibit 1 and Illustrative Exhibit 2 had been chiefly used by artists for decorative purposes, and that he had never seen them used or heard of them being used to inoculate chickens.

On cross-examination the witness produced a brush that his company had imported, which is of the same overall size as Exhibit 1. The sample was received in evidence by consent and marked Illustrative Exhibit D.

In support of plaintiff's claim, counsel directs the attention of the court to the case of *United States* v. *S. S. Perry*, 25 C. C. P. A. 282, T. D. 49395, wherein it was held that celluloid poultry leg bands chiefly used for the identification of poultry were entitled to free entry under paragraph 1604 of the existing tariff act as agricultural implements. Under that authority, if the plaintiff had established that the brushes in issue were chiefly used for inoculating chickens, they might well be held to be agricultural implements entitled to free entry as claimed, but it has failed to establish by competent evidence that the chief use of the brushes in question is to inoculate chickens. The protest, therefore, must be and is overruled. Judgment will issue accordingly.

BROWN, Judge: I concur in the result.